

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-17-2005

# Earnest v. Ling

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4745

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Earnest v. Ling" (2005). *2005 Decisions.* Paper 689.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/689

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-330                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4745

GREG W. EARNEST,

Appellant

v.

JUDGE THOMAS S. LING,
Court of Common Pleas

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 04-cv-00243J)
District Judge:  Honorable Kim R. Gibson

_____

Submitted Under 28 U.S.C. § 1915(e)(2)(B)
August 4, 2005

Before: SLOVITER, FUENTES AND NYGAARD, CIRCUIT JUDGES
(Filed:  August 17, 2005 )

_____

OPINION

_____

PER CURIAM

    Appellant Greg Earnest appeals from the grant of the Defendant's motion to

dismiss the complaint against Pennsylvania Court of Common Pleas Judge Thomas Ling.

The appeal is frivolous, and we will dismiss pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

    On October 10, 2004, Earnest filed a complaint with the District Court.  The

complaint consists of one document listing several causes of action and three separate documents entitled "complaint," each listing numerous individuals and government entities. The District Court docketed the complaint against only Judge Ling. Earnest claims Judge Ling violated numerous constitutional rights with respect to his case in the Bedford County Court of Common Pleas. The District Court granted the Defendant's motion to dismiss with prejudice. Earnest appeals and filed a motion to compel discovery.[1]

Earnest's complaint is unintelligible and fails to provide any details regarding what injuries he allegedly sustained or what unconstitutional actions are alleged to have occurred. To the extent he seeks federal review over the judgment of a state court, Earnest is barred by the Rooker-Feldman doctrine. See Exxon Mobile Corp. v. Saudi Basic Indus. Corp., 125 S. Ct. 1517 (2005); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923).

To the extent Earnest attempts to raise claims under 42 U.S.C. § 1983, which are not inextricably intertwined with state court judgments, his claims are barred by judicial immunity. See Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000). Although Earnest argues that Judge Ling was without jurisdiction to act, which excepts the protection of judicial immunity, see id., Earnest provides no coherent argument or any

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the grant of a motion to dismiss. See Lorenz v. CSX Corp., 1 F.3d 1406, 1411 (3d Cir. 1993).

statement of facts from which we can assess the argument.

Finally, Earnest filed a document in this Court entitled "Petition for Motion to Compel Discovery." He requests that this Court docket his appeal with respect to the other named Defendants. Upon closer inspection it appears Earnest seeks to appeal the District Court's failure to address the claims relating to the United States and the Commonwealth, not actually obtain discovery. We construe a pro se litigant's pleadings liberally, see Dluhos v. Stasberg, 321 F.3d 365, 369 (3d Cir. 2003), and construe his motion as a letter in support of his notice of appeal. The District Court did not err in failing to consider these parties. First, it does not appear that Earnest requested a summons or served process on any of the other potential defendants. See generally Fed. R. Civ. P. 4. Second, his complaint fails to clearly identify which parties he seeks to sue. Finally, he alleges no coherent claim against any other potential defendant.

For the foregoing reasons, the appeal is frivolous. Accordingly, we will dismiss.